# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **TERRY HAUF,** on behalf of herself and all others similarly situated<br><br>Plaintiff,<br>v.<br><br>**DOHMAN, AKERLUND & EDDY, LLC,**<br><br>Defendant. | Case No: 4:2024 -cv-03182<br><br>**CLASS ACTION** |

| | |
|---|---|
| **ANTHONY PREISS,** on behalf of himself and all others similarly situated<br><br>Plaintiff,<br>v.<br><br>**DOHMAN, AKERLUND & EDDY, LLC,**<br><br>Defendant. | Case No: 4:24-cv-03183<br><br>**CLASS ACTION** |

| | |
|---|---|
| **KIMBERLY WEAR,** individually and on behalf of all others similarly situated<br><br>Plaintiff,<br>v.<br><br>**DOHMAN, AKERLUND & EDDY, LLC,**<br><br>Defendant. | Case No: 4:2024-cv-03186<br><br>**CLASS ACTION** |

### PLAINTIFFS' MEMORANDUM OF LAW
### IN SUPPORT OF
### MOTION TO CONSOLIDATE RELATED ACTIONS AND APPOINT
### <u>INTERIM CO-LEAD CLASS COUNSEL</u>

Pursuant to Federal Rules of Civil Procedure 42(a) and 23(g)(3), Plaintiffs in the above-captioned Actions, by and through their undersigned counsel, respectfully move this Honorable Court for the consolidation of the Related Actions and appointment of Edelson Lechtzin LLP,

1

Chestnut Cambronne PA, and EKSM, LLP as Interim Co-Lead Class Counsel ("Proposed Class Counsel") to collectively lead this litigation and help assure the orderly prosecution of the eventual consolidated action.

This Motion also seeks to stay all case deadlines in the Related Actions during the pendency of this Motion, including deadlines for Defendants to respond to the respective complaints. In support of this motion, Plaintiffs state as follows:

## I.   INTRODUCTION

This litigation stems from Defendant's failure to safeguard and timely notify Plaintiffs and class members of their breached Personally Identifiable Information ("PII"). Eash of the Related Actions involve common parties and similar issues of law and fact. The putative class representatives in each of the Related Actions seek to represent similar classes of persons (collectively referred to as the "Class") whose personal information was provided to and maintained by Defendant and compromised in the data security incident that is the subject of the Related Actions (the "Data Breach").

To date, there have been three (3) consumer class actions filed in this Court related to the Data Breach. On October 13, 2024, the first complaint was filed captioned *Hauf v. Dohman, Akerlund & Eddy, LLC*, 2024 -cv-03182 (D. Neb.). Plaintiff Preiss filed his complaint on October 15, 2024, *Preiss v. Dohman, Akerlund & Eddy, LLC*, 4:24-cv-03183 (D. Neb.) and Plaintiff Wear next filed on October 17, 2024, *Wear v. Dohman, Akerlund & Eddy, LLC*, 4:2024-cv-03186 (collectively, "Related Actions").

Plaintiffs and the proposed Class were similarly impacted by the Data Breach. Since the Related Actions arise out of similar circumstances, consolidation is appropriate under Federal Rule of Civil Procedure 42(a) and the Court should appoint Edelson Lechtzin LLP, Chestnut

Cambronne PA, and EKSM, LLP as Interim Co-Lead Class Counsel. The proposed leadership structure is in the best interests of the putative class because it will provide efficiencies to the parties and will avoid uncertainty and confusion as to who may speak for the putative Class.

Plaintiffs are among approximately 82,000 people whose PII was compromised as a result of Defendant's lax network security measures. *See, e.g., Preiss* Complaint, Dkt. 1, 4:24-cv-03183, at ¶ 1. Defendant Dohman, Akerlund & Eddy, LLC, ("Dohman" or "Defendant") represents itself as a full-service CPA firm and advisors offering a range of tax preparation, accounting and financial planning to individuals and businesses, based in Aurora, Nebraska. *Id.* at ¶¶ 2, 20. Beginning on or about September 23, 2024, Dohman learned of the data breach of its network that occurred sometime prior, on or around February 28, 2024. Defendant learned that cybercriminals penetrated its network and obtained unfettered access to clients' PII (the "Data Breach"). *Id.* at ¶¶ 3-5, 27. Plaintiff Preiss received a letter from Defendant on or about October 7, 2024, notifying him that his PII had been stolen as a result of the Data Breach. *Id.* at ¶ 19. As a result, he, along with the other Plaintiffs and class members will continue to suffer significant injury and damages due to the Data Breach, possibly for a lifetime.

Plaintiffs and the putative class assert claims for negligence, breach of fiduciary duty, breach of confidence, breach of express contract, breach of implied contract, and, in the alternative to their contract-based claims, unjust enrichment and seek declaratory relief, injunctive relief, monetary damages, statutory damages, punitive damages, equitable relief, and all other relief authorized by law. *Id.* at ¶ 14.

Since Plaintiffs anticipate that additional related claims will be forthcoming, and asserting substantially identical claims, consolidation and appointment of lead counsel will preserve party and Court resources. Successful prosecution of these claims will depend, in large part, on the just,

efficient, and organized resolution of this and similar litigation.

## II. PROCEDURAL HISTORY

Each Complaint involves the same common questions of law and facts against Dohman arising from the same Data Breach. Plaintiffs propose a Nationwide Class defined as:

> All persons in the United States and its territories whose PII was compromised in the Data Breach, including all individuals who received a data breach notification letter from Defendant. (the "Nationwide Class").

*Id.* at ¶ 86.

As an alternative to the claims asserted on behalf of the Nationwide Class, Plaintiff asserts claims on behalf of a separate subclass, defined as follows:

> All individuals who obtained services from Defendant on or before February 28, 2024, and whose PII was accessed and/or acquired in the data incident that is the subject of the Notice of Data Breach that Defendant sent to Plaintiff and Class Members on or around October 7, 2024 (the "Customers Subclass").

*Id.* at ¶ 87.

## III. ARGUMENT

### A. The Court Should Consolidate the Related Actions and Any Subsequent-Filed Cases Pursuant to Fed. R. Civ. P. 42(a).

Fed. R. Civ. P. 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may . . . (2) consolidate the actions." Consolidation is appropriate when actions share common issues of law or fact. "Consolidation of separate actions presenting a common issue of law or fact is permitted under Rule 42 as a matter of convenience and economy in judicial administration." *Zola v. TD Ameritrade, Inc.*, No. 14-cv-288, 2015 WL 847450, at *3 (D. Neb. Feb. 26, 2015) (internal citations omitted). "The district court is given broad discretion to decide whether consolidation would be desirable and the decision inevitably is contextual." *Id.* "When ruling on a motion to consolidate, the court must weigh the saving of time and effort that

would result from consolidation against any inconvenience, expense, or delay that it might cause." *Stejskal v. Lundstrom*, No. 10-cv-3177, 2010 WL 11530511, at *1 (D. Neb. Dec. 2, 2010).

As above, the Related Actions represent substantially similar putative classes of persons whose personal information was compromised in a data breach by Defendant. Generally, under Rule 42(a), when two causes of action involve common witnesses, identical evidence, and similar issues, judicial economy will generally favor consolidation. The substantial similarities between the putative classes and class periods proposed in the Related Actions therefore supports consolidation. Consolidation is appropriate given that there are common questions of law and fact presented involving the same defendant. Consolidation at this early stage would serve to simultaneously protect the interests of numerous litigants and absent class members while also creating efficiencies and avoiding confusion and disorganization and would, instead, avoid unnecessary costs, and duplication of law and motions, and inconsistent finding in the actions. Furthermore, since Defendant has not yet filed a response to any of the complaints, the matters share substantially similar procedural postures. Were these cases considered separately, there would be a risk of inconsistent judgments when in fact the same remediation was performed for all cases.

### B. The Court Should Appoint Edelson Lechtzin LLP, Chestnut Cambronne PA, and EKSM, LLP as Interim Co-Lead Class Counsel.

Fed. R. Civ. P. 23 (g) (3), provides, in pertinent part, "the court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action. for appointment of interim class counsel."

Class actions present unique and complex challenges that require a greater level of case management to simultaneously protect the interests of numerous litigants and absent class members while also creating efficiencies and avoiding confusion and disorganization. In that vein,

5

the MANUAL FOR COMPLEX LITIGATION (Fourth) (2014) (the "Manual") is particularly instructive, especially as it relates to the appointment of lawyers to leadership positions. Appointment of an interim class counsel is helpful in clarifying the "responsibility for protecting the interest of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." Manual § 21.11; see also WRIGHT & MILLER, 6a Fed, Proc, L. Ed. § 12:293 (same). In appointing a lead counsel, a court should "conduct an independent review [] to ensure that counsel appointed to lead roles are qualified responsible, that they will fairly and adequately represent all of the parties on their side, and that their charges will be responsible." Manual § 10.22. The most important factor to the court's analysis is whether the appointment will help "achiev[e] efficiency and economy without jeopardizing fairness to the parties." Id. at § 10.221.

Among the factors the Court must consider are "the work counsel has done in identifying or investigating potential claims in the action" and "counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action," "counsel's knowledge of the applicable law" and "the resources that counsel will commit to representing the class." *See* Rule 23 (A) (i – iv).

"Rule 23(g)(3) provides no criteria for selecting interim counsel, but this court has found that "the same factors governing the appointment of class counsel apply when appointing interim class counsel." *In re Nelnet Servicing, LLC*, No. 22-cv-3181, 2023 WL 1108253, at *4 (D. Neb. Jan. 30, 2023). Plaintiffs submit that proposed Interim Co-Lead Counsel fairly represent all plaintiffs, promote efficiency and avoid confusion and disorganization.

> **i. Proposed Interim Co-Lead Counsel Have Thoroughly Investigated and Advanced the Class's Claims and Are Committed to Continuing Their Efforts.**

After being retained, proposed interim co-lead counsel have dedicated substantial resources

6

to promptly investigate the facts underlying this action and develop the legal bases for liability. Plaintiffs' counsel have continued to investigate the claims and monitor developments. Plaintiffs' counsel have extensively vetted the claims of the putative class in preparation for initiating and litigating this action through trial and/or settlement. Counsels' ongoing investigation of Defendant's data security practices leading up to and following the Data Breach includes an examination of these practices in comparison to laws and regulations at both the federal and state levels, as well as applicable industry standards, legal research to determine how best to prosecute the case; and interviewing and obtaining key documents from the Named Plaintiffs. Further, Counsel's investigation is informed by their extensive experience in class and complex actions, and data privacy litigation in particular. The fact that this action was filed shortly after the Data Breach further demonstrates the substantial work performed by proposed interim counsel to identify and investigate the claims alleged. Additionally, Counsel have been contacted by numerous consumers about this matter, enabling them to thoroughly understand the ways in which consumers have been impacted by the data breach. Counsel intend to dedicate sufficient resources to effectively manage the litigation, should they be appointed. Counsel have previously led and participated in numerous complex litigations and believe that an efficient, well-defined team structure will produce the best results.

      ii. **Proposed Interim Counsel Are Well-Respected Members of the Plaintiffs' Bar, With Widely Recognized Expertise in Class Actions and Data Privacy.**

         a. **Edelson Lechtzin LLP is Qualified and Suitable to Serve As Interim Co-Lead Counsel.**

Marc H. Edelson is a Managing Partner of Edelson Lechtzin LLP, leading the firm's practices in antitrust law, data breach, defective drugs & medical devices, and property insurance litigation. He has practiced class action litigation for over 37 years and has been appointed to leadership roles in many MDL cases. In addition, Mr. Edelson has been named a "Super Lawyer"

in Pennsylvania for Class and Mass Tort Litigation.

Mr. Edelson has served in a lead role in numerous complex class actions. Mr. Edelson's MDL experience includes an appointment in *In re Pharmaceutical Industry Average Wholesale Price Litig.*, MDL No. 1456, as one of the four lead counsel firms. Mr. Edelson was the first attorney to initiate a series of class actions on behalf of end payors against numerous pharmaceutical defendants which were eventually consolidated into MDL 1456. The case involved an in-depth analysis of pharmaceutical pricing and resulted in numerous settlements totaling $341,000,000.

Additionally, Mr. Edelson served as co-lead counsel in New England Carpenters Health Benefit *Fund v. First DataBank, Inc. and McKesson Corp.*, C.A. No. 05-11148 (D. Mass), and *District 37 Health and Securities Fund v. Medi-Span*, C.A. No. 07-10988 (D. Mass). This case was against pharmaceutical wholesaler McKesson Corporation and pharmaceutical publishers First DataBank and Medi-Span. The case focused on unlawful drug pricing markups of various drugs resulting in overpayments by end payors. The case settled for $350,000,000 in addition to an agreement to roll back drug prices by five percent (5%) resulting in additional end payor cost savings totaling hundreds of millions of dollars.

Mr. Edelson has also served as co-lead counsel in additional significant cases including *In re Ciprofloxacin Hydrochloride Antitrust Litig.*, MDL 1383 (EDNY); *Sandhaus v. Bayer AG*, No. 00-cv-6193 (Kansas State Court); *In re Premarin Antitrust Litigation*, No. 1:01-cv-00447 (SD Ohio), and *Blevins v. Wyeth Ayerst Laboratories, Inc.*, No. 324380 (Superior Court State of California).

Over the past several years Mr. Edelson has devoted a significant amount of time to cases involving data breaches. Examples include, *In re: Harvard Pilgrim Data Security Incident*

*Litigation*, No. 1:23-cv-11211 (D. DMA), *Gutierrez v. Independent Living Systems, LLC*, No. 1:23-cv 21221 (D. SDFL), *Maria Gregory, et al. v. Johns Hopkins University et al.,* No. 1:23-cv-01854 (D. MD), *Humphries, et al. v. Apria Healthcare, LLC*, No. 1:23-cv-01147 (D. SDIN), *Nelson et al. v. Connexin Software, Inc*., No. 2:27-cv-04676 (D. EDPA) (member of the Executive Committee, settled for $4,000,000), *Renaldo Ellis et al. v. Pension Benefit Information, LLC* et al., No. 0:23-cv-02139 (D. MN), *In re Berry, Dunn, McNeil & Parker Data Security Incident Litigation*, Lead Case No. 2:24-cv-00146 (D. ME), *Pamela Krause v. City of Hope National Medical Center d/b/a/ City of Hope*, No. 2:24-cv-02894 (D. CDCA-Eastern Division), *Moore v. Eastern Radiologists, Inc.,* No. 24CVS877 (State of NC-Pitt County), *Vines et al. v. Financial Business and Consumer Solutions, Inc*., No. 2:24-cv-02085 (D. EDPA), *Brooke Smith v. Frontier Communications Parent, Inc.*, No. 3:24-cv-01497 (D. NDTX), *In re Greylock McKinnon Associates Data Security Incident Litigation,* No. 1:24-cv-10797 (D. DCMA), *Castellaw v. On Q Financial LLC*, No. 2:24-cv-00828, (D. DCAZ), and *Gales v. Ohio Lottery Commission*, No. 2024-00434JD (Ohio Ct. of Claims).

As detailed in the firm resume of Edelson Lechtzin LLP, the lawyers have decades of experience handling a variety of complex class action matters in federal and state courts around the country. The firm focuses on antitrust, securities, consumer protection, employee benefits and ERISA matters. Mr. Edelson and his colleagues are well suited to litigate this case on behalf of the Class herein. The Edelson Lechtzin firm resume is attached to this Memorandum as Exhibit A.

      **b. Philip J. Krzeski is Qualified and Suitable to Serve as Interim Co-Lead Counsel.**

Philip J. Krzeski, of Chestnut Cambronne PA, has litigated numerous complex Rule 23 class actions across the country in the data breach context. Mr. Krzeski has experience in all phases

of litigation and has played a significant role in the following data breach cases: *In re Peoples Bank, as a Successor to Limestone Bank, Data Breach Litig.*, No. 2023-cv-03043 (S.D. Ohio) (appointed lead counsel); *In re Cinfed Data Breach Litigation*, No. 23-cv-00776 (S.D. Ohio) (same); *Brim v. Prestige Care, Inc*., No. 3:24- cv-05133-BHS (same); *In re Wasserstrom Holdings, Inc. Data Breach Litigation*, No. 3:23-cv-2424 (S.D. Ohio) (same) *Kobor v. Skidmore College*, No. 1:23-cv-01392 (N.D.N.Y.) (same); *Geiger v. Disability Rights Wisconsin, Inc.*, No. 2024cv002130 (Dane County, Wisconsin) (same); *In re: Precision Imagining,* No. 16-2023-CA-00931 (Duval County, Florida) (same); *In re: Mount Desert Island Hospital Data Security Incident Litig*., No. 2023-00070 (Maine Business and Consumer Court) (same);; *Anderson v. Clearwater Credit Union*, No. DV-32-2023-0000761(4th Judicial District Court – Missoula County) (same); *Hernandez, et al., v. Advance America*, No. 7:23-cv-04256 (D.S.C.) (appointed to Executive Committed); *Phillips v. Bay Bridge Administrators, LLC*, No. 1:23-cv-0220-LY (W.D. Tex.) (same).

Mr. Krzeski also has substantial experience litigating data breach cases in the following cases: *In re Berry, Dunn, McNeil & Parker Data Security Incident Litigation*, Case No. 2:24-cv-00146 (D. Me.); *In re Loancare Data Breach Litigation,* Case No. 3:23-cv-01508 (M.D. Fla.); *In re ESO Solutions, Inc.*, Case No. 1:23-cv-01557 (W.D. Tex.); *Cahill v. Memorial Heart Institute, LLC d/b/a The Chattanooga Heart Institute*, No. 1:23-cv-168 (E.D. Tenn.); *Clauson v. Arrowhead Regional Computing Consortium*, Case No. 24-cv-131 (D. Minn.); *In re R&B Corporation of Virginia d/b/a Credit Control Corporation*, Case No. 4:23-cv-00066-JKW-RJK (E.D. Va.); *In re Group Health Plan Litig*., Case No. 23-cv-267-JWB/DJF (D. Minn.); *Hightower v. Receivables Performance Management, LLC*, No. 2:22-cv-01683 (W.D. Wash.); *In re Orthoalaska Data Breach Litigation*, No. 3:23-cv-00242 (D. Alaska); *In re DISH Network Data Breach Security*

*Litigation*, Case No. 1:23-cv-01168 (D.Col.); *In re Whitworth Data Breach Security Litigation*, Case No. 2:23-cv-00179-SAB (E.D. Wash.); *Rasmussen, et al., v. Uintah Basin Healthcare*, Case No. 23-cv-00322-HCN-CMR (D. Ut.); *Johnson v. Yuma Regional Medical Center*, No. 2:22-cv-01061 (D. Ariz.); *Anderson v. Fortra LLC*, No. 23-cv-00533 (D. Minn.); *In re Netgain Technology, LLC, Consumer Data Breach Litigation*, No. 21-cv-1210, (D. Minn.); *Hale, et al., v. ARcare, Inc.*, No. 3:22-cv-00117 (E.D. Ark.); *In re CCM Health Data Security Litigation*, Case No. 12-cv-24-169 (Chippewa County, Minnesota); *In re Tift Regional Health System, Inc. Data Breach Litig.*, No. 2023cv0313 (Tift County, Georgia); *Rodriguez v. Mena Regional Hospital Commission d/b/a Mena Regional Health System*, No. 2:23-cv-2002 (W.D. Ark.). In litigating these cases, Mr. Krzeski has performed substantial work in briefing, oral argument, discovery, mediation, and settlement approval.

Outside of the data breach context, Mr. Krzeski has an active nationwide wage and hour and class action practice. He has served as lead counsel in class actions matters from the filing of the complaint to final approval of the settlement, including briefing and arguing class certification. *See, e.g., Branning v. Romeo's Pizza, Inc*., 594 F. Supp.3d 927, 934 (N.D. Ohio 2022) (obtaining Rule 23 class certification). He directly contributed to several "landmark" wage and hour decisions in the minimum wage employee context. *Hatmaker v. PJ Ohio, LLC*, No. 3:17-cv-146, 2019 WL 5725043, at *7 (S.D. Ohio Mar. 26, 2019) (prevailing on summary judgment on precise interpretation of law in the minimum wage kick-back context); *see also Clark v. Pizza Baker, Inc., et al*., No. 2:18-cv-157, 2019 WL 4601930 (S.D. Ohio Sept. 23, 2019) (overcoming Domino's Pizza corporate entities' motion to dismiss on joint employer).

Mr. Krzeski's work has led to the resolution of over a dozen seven-figure settlements. For his work, he was selected as one of the youngest attorneys to be included in Ohio SuperLawyers,

11

Rising Star List for class actions for 2020, 2021, and 2022 and the Minnesota SuperLawyers Rising Star List for 2024. The Chestnut Cambronne firm resume is attached to this Memorandum as Exhibit B.

      **c. Leigh S. Montgomery is Qualified and Suitable To Serve As Interim Co-Lead Counsel.**

EKSM, LLP, a newly formed firm consisting of three plaintiff litigation firms. Ms. Leigh Montgomery has sixteen years of plaintiff's litigation and trial experience, including substantial experience in the class action and appellate contexts. She co-leads the litigation section of the firm. Ms. Montgomery has extensive class action litigation experience, including in class certification briefing, trial and appeal. *See e.g.* Case No. 3:18-cv-00990, *Mattson v. New Penn Financial, LLC* (D. Or.), on appeal at 2023 WL 2624783 (9th Cir. March 23, 2023) (vacating denial of class certification and remanding); *see also* Case No. 2:18-cv-04752, *Williams v. The Pisa Group, Inc.* (E.D. Pa.) (certifying TCPA class).

Ms. Montgomery also has worked on data breach class actions as local counsel, including Cause No. 2021-61470; *Arthur Dekenipp, v. Gastroenterology Consultants, P.A.* (Harris County, Texas); Cause No. 5:23-cv-607; *Jose Gonzalez v. Our Lady of the Lake University* (W.D. Tex.); Cause No. 2023-CI11856; *Jose Gonzalez, v. Our Lady of the Lake University* (Bexar County, Texas); Cause No. 2023-CI07981; *Ana Vasquez v Our Lady of the Lake University* (Bexar County, Texas); Case No. 1:23-cv-5; *Thomas Graham, v Bay Bridge Administrators, LLC* (W.D. Tex.); Cause No. 1:23-cv-022-LY; *Kurt Phillips v Bay Bridge Administrators*, LLC (W.D. Tex.); Cause No. 22-DCV-298917; *Cody Janssen and Alline Henderson, v Oakbend Medical Center* (Bexar County, Texas). Cause No. 2021-84322; *Cliff Lee v. Texas Ear, Nose, & Throat Specialists, PLLC* (Harris County, Texas); Case No. 7:23-cv-00174-DC-RCG; *Brian Morrow, v. West Texas Gas, Inc.* (W.D. Tex.); Cause No. DC-22-04755; *Dawn Taylor v JDC Healthcare Management, LLC*

(Dallas, County, Texas).

Ms. Montgomery also has experience litigating data breach cases in the following cases: *Veronica Marin v. El Centro del Barrio dba CentroMed*, Case No. 5:24-cv-00571 (W.D. Tex.); *Elwon Mathavongsy v. TRC Staffing Services, Inc. dba TRC Talent Solutions*, Case No. 1:24-cv-02483 (N.D. Ga.); *Tyler Blankenship v. Leonard's Express, Inc.*, Case No. 1:24-cv-00618 (W.D. N.Y); *Clayton v. PruittHealth, Inc.*, Case No. 1:24-cv-02960 (N.D. Ga.); *Melissa MicSak v. Call 4 Health, Inc.*, Case No. 9:24-cv-80870 (S.D. Fla.); *Sean Barbery v. M&M Transport,* Case No. 1:24-cv-12042 (D. Mass.); Antonio Valle, et al  v. First Commonwealth Federal Credit Union, Case No. 2024-C-2893 (Lehigh County, PA); *James Bertsch, et al v. Pocahontas Medical Clinic, PA*, Case No. 61CV-24-103 (Randolph County, AR); *Lataniya Frazier v. Baptist Health Medical Center*, Case No. 60CV-24-8301 (Pulaski County, AR); *Robert Dapello v. Riverside Resort & Casino*, Case No. 2:24-cv-01732, (D. Nev.); *Haskins v. Stillwater Mining Company,* Case No. DV-48-2024-0000061 (Stillwater County, MT); *Harris v. ERLC, LLC dba Elitecare Emergency Hospital*, Case No. 24-cv-1622 (Galveston County, TX); Belle Lopez v. Skyland Grain, Case No. 6:24-cv-01180 (D. Kan.); William Moore v. Johnson & Wales University, Case No. 1:24-cv-00409, (D. R.I.).

Ms. Montgomery has knowledge of the facts and applicable law in the case, including knowledge relevant to Defendant. She has conducted discovery, depositions, class certification briefing and argument, as well as interlocutory appeals in class action cases. Ms. Montgomery's extensive class action experience and data breach knowledge will allow her to effectively and meaningfully contribute to the representation of the class.  The EKSM firm resume is attached to this Memorandum as Exhibit C.

WHEREFORE, Plaintiffs respectfully request that the Court grant Plaintiffs' request and

13

consolidate the Related Actions, establish the requested briefing schedule, and appoint Interim Co-Lead Class Counsel.

Dated: November 6, 2024                                Respectfully submitted,

*/s/ Phil Krzeski*
Bryan L. Bleichner
Philip J. Krzeski
**CHESTNUT CAMBRONNE PA**
100 Washington Avenue South
Suite 1700
Minneapolis, MN 55401
Telephone: 612-339-7300
Fax: 612-336-2940
*bbleichner@chestnutcambronne.com*
*pkrzeski@chestnutcambronne.com*

*Counsel for Plaintiff Terry Hauf*

William B. Federman
**FEDERMAN, SHERWOOD LAW FIRM**
10205 North Pennsylvania Avenue
Oklahoma City, OK 73120
Telephone: 405-235-1560
*wbf@federmanlaw.com*

Marc H. Edelson (*Pro Hac Vice* anticipated)
Liberato P. Verderame (*Pro Hac Vice* anticipated)
**EDELSON LECHTZIN LLP**
411 S. State Street, Suite N-300
Newtown, PA 18940
Telephone: (215) 867-2399
Fax: 267-685-0676
*medelson@edelson-law.com*
*lverderame@edelson-law.com*

*Counsel for Plaintiff Anthony Preiss*

Leigh S. Montgomery (*Pro Hac Vice* anticipated)
**EKSM, LLP**
1105 Milford Street
Houston, TX 77066
Telephone: 888-350-3931

*Leigh@ellzeylaw.com*

Josh Sanford (*Pro Hac Vice* anticipated)
**EKSM, LLP**
10800 Financial Centre Parkway
Suite 510
Little Rock, AR 72211
Telephone: 501-221-0088
Fax: 888-787-2040
*ecfnotices@sanfordlawfirm.com*

***Counsel for Plaintiff Kimberly Wear***

***Proposed Interim Co-Lead Counsel***

15